We'll proceed to the last case on the calendar today, Stahle v. CTS Corporation. We'll hear from appellates. May it please the Court, John Corzine here from the Wake Forest Appellate Clinic, and it's my pleasure under Local Rule 46A to introduce the two qualified third-year law students who are going to argue. First, Caitlin Price, who will be arguing the first argument, and then also Mackenzie Schallinger, who will be here for rebuttal. Thank you, Your Honor. Thank you very much. Always good to see you here, Professor Corzine. May it please the Court. This case is about whether the District Court is free to disregard this Court's holding in Higher v. Pittsburgh Corning Corporation that states North Carolina personal injury statutes of repose do not apply to disease claims. In my time today, I will focus on the first issue, the 152.16 disease exception. Unless this Court has any questions about the subject matter jurisdiction issue, which I am happy to address at this time. Well, let's assume for the moment that you're right, that it's a disease, it's not a latent injury, and so therefore under North Carolina law you have to calculate when a statute of limitations runs from the date of the diagnosis. Yes, Your Honor. I woke up this morning and saw a lawyer advertisement in the asbestos litigation, and it occurred to me that that's what goes on in an asbestos litigation, that they may have been exposed 20 years ago, but they weren't diagnosed until a year ago with whatever disease it is. Is it your contention that you can recover? Yes, Your Honor. Under North Carolina law, especially with the Wilder precedent, it's clear that disease claims do not start to accrue, as you said, until the time of diagnosis. So the date of diagnosis of the disease is when the usual statute of limitations starts to run. Wasn't Wilder limited to that particular statute, not the one we're considering today? Respectfully, Your Honor, the Wilder Statute 115B, Wilder did only address that statute. However, this court has expanded the Wilder rule, and both Hyer and Bullard, this court used the Wilder rule regarding disease exceptions and the reasoning in Wilder to determine that 156, the sister statute to the statute at issue today, did not include disease claims. And in fact, the same reasoning in Wilder is applicable. So although it's a different statute, the language is very similar. The 115B Wilder statute, just as the 152.16 statute, has a discovery accrual provision and a statute of repose. And it refers to personal injury, just as the Wilder statute referred to bodily injury. And the North Carolina Supreme Court explained the difference between disease claims and personal injury claims, and explained that not only is there a difference between disease claims and personal injury claims, but the North Carolina legislature has always acknowledged this difference and treated those claims differently. In fact, the North Carolina Supreme Court relied on workers' compensation statutes to explain this disease-personal injury distinction and the fact that the legislator had always acknowledged such. And as Judge Floyd pointed out, disease claims accrue at a different time. They accrue at the diagnosis of the claim, and so the discovery accrual provision is not necessary. But we are really put in a position of now looking at the Wilder case, which has a little age on it, and our subsequent higher case. And I guess our position, what we're doing now is really trying to assess, is this what North Carolina Supreme Court would do? Of course, our state, I continue to lament, is the only one of the five states that will not allow you to certify a question to the Supreme Court where we could get an answer to this question. Now we've got to give it our best shot, so to speak, in light of this. And yet we look at the plain language of the statute, and we know there's a cardinal rule that says the statute's plain. You don't need this meaning to go beyond it, and there's nothing in this statute that would support the position you're taking. Yet you do have Wilder and Hyler in this case. You have other circuits, though, done the same thing, but didn't look at those other cases. How is, I mean, has the position changed? What do we do if we've got a situation like that? I mean, it looks like you could decide this on plain language of the statute and be done with it and follow the circuits and say, well, we know there have been some things there, but is there a way we can get around it? Yes, Your Honor. So while the plain language of the statute states personal injury and defendant tries to state that that is clear and unambiguous, that it includes diseases, the fact that we have cases such as Wilder and Hyer and then Bullard 10 years after Hyer stating that personal injury statutes of repose do not include disease claims goes against the argument that the language of 152.16 is clear. Further, the fact that, as you stated, Judge Winn, that there is disagreement amongst the courts, that some courts see that the language is clear and unambiguous and that it does include disease claims, while other courts, such as this court in Hyer and Bullard and the Sixth Circuit, has adopted that reasoning as recently as this past year, that the language does not include disease exceptions. We have to give a lot more weight to our own cases than we do others, too. That is true, Your Honor, and based on your own cases, you've said that the personal injury does not include disease claims unless the legislator expressly expands the language to include it. Here, the legislator has not done that, and at most, if you were looking at the plain language argument, it's clear that it is ambiguous. So then you would look to what North Carolina Supreme Court would do. You're saying it's ambiguous just because of these other cases, cases that do not actually construe this statute. Well, Your Honor, respectfully, there has been dissension among cases that do construe this statute. The Eleventh Circuit in Bryant stated that it was a plain language, personal injury does include disease claims, while the Sixth Circuit in Henry Dowing Court did construe this statute and said that is incorrect following the Hyer and Boulard precedent of this court, 152.16 did not include disease claims. And then you also have the Eastern District of North Carolina, which isn't binding on this court, but also interprets 152.16 and used all the precedent from this court in Hyer and Boulard to determine that 152.16 does not apply to disease claims. And are there any North Carolina Supreme Court decisions construing this statute as excluding latent disease claims? No, Your Honor, there are not. The defense does rely on Dunn, a case that is a wrongful death statute of limitations, that mentions 152.16. However, in Dunn, the North Carolina Supreme Court was not determining whether or not 152.16 had a disease exception. Instead, it was addressing a wrongful death statute of limitations issue and was solely addressing whether or not the three-year statute of limitations barred the claim at that point and did not address whether disease was an exception to 152.16. So the North Carolina Supreme Court has not precisely spoken on this issue, which is why this court should be predicting what the North Carolina Supreme Court would do, and the Wilder precedent that is the ancestor statute to this statute is persuasive in determining what the North Carolina Court would do. In Wilder, they focus on the fact that there is a distinction between personal injury and disease. Disease claims accrue at the time of diagnosis because there is a manifest delay in the time when they notice the disease and multiple exposures to cause it, unlike personal injury claims, which is what the Wilder statute and 152.16 were intended to address. Further, this court stated in Bullard v. Dalkin-Shield that the higher exception, the rule from this court that stated no personal injury statute of repose applies to disease claims unless the legislator expressly expands language to include it, was not limited to the facts of Wilder, nor was it limited to the statute of Wilder. So this court has already ruled on some of the arguments the defendant relies upon. So it is clear that 152.16 was never intended to apply to the North Carolina, or excuse me, to disease claims in North Carolina, and should not bar Plaintiff Staley's claim. If it was so clear, why are they trying to clarify it now? Well, Your Honor, the 2014 amendment was in direct response to the Supreme Court case in Waldberger, and that was in response to the actions of groundwater contamination. The 2014 amendment does make factual findings regarding the disease exception, but it does not make any disease exception explicit in the statute. And that is because, as the North Carolina legislator stated, they stated at record at 57 that the General Assembly finds that it never intended the statute of repose in 152.16 to apply to claims for latent disease. Further, they state that the legislator intended nothing in the act, the clarifying amendment, to change existing law relating to products liability actions based upon disease. That suggests that the legislator agreed with this court's ruling in Bullard and Higher, and the fact that disease has never been governed by 152.16. That's why they've never had to do anything about it, because this court and the North Carolina Supreme Court have followed that same reasoning. There has always been a disease exception before the 2014 amendment and even after the 2014 amendment, based upon the language of the statute, because personal injury and disease claims are just intrinsically different and have always been treated. The statute has exceptions in it. If the legislature wanted to write an exception, they know how to write exceptions. There's one in the statute. So why shouldn't we construe that to mean that there was no exception? If they wanted one, they'd write it. Your Honor, that is true. They could write an exception to the statute. However, they made clear that they had never intended disease to be included under the statute because they did not include disease under the words personal injury. The legislator has always treated personal injury separately than disease. So they did not believe that the personal injury statute ever would have covered disease claims and, in fact, stated in that 2014 amendment that nothing in that amendment was supposed to change existing law regarding disease claims. The existing law regarding disease claims includes the precedent from this court in Bullard and Higher that states that unless the statute expressly includes an exception for disease, which this statute does not, the personal injury statute of repose does not apply to disease claims. So there is no need for the legislator to take any action because this court has effectuated exactly what the legislator had intended the statute to do. Because of that, the North Carolina General Statute 15216 does not bar Plaintiff Staley's claim and he should be allowed to continue with his case. Well, I assume that you're making that argument on the 2014 amendment is because you think we might hold that Staley's claim is barred by the statute of repose. Is that what you're...? Your Honor, the second issue in the brief is an alternative argument. So our first contention is that 15216 has never applied to disease claims and doesn't apply to disease claims. Your position is that it's not time barred by the statute of repose, the preexisting statute of repose. Yes, Your Honor, that is our position. Now, as to Wahlberger, which Judge Sackett and I are very intimately familiar with, why do you say that is a clarifying amendment as opposed to a substantive amendment? Well, Your Honor, first it's important to note that since that is an argument in the alternative, it's not necessary for this court to find that to be a clarifying amendment in order to fine for Plaintiff Staley. Our first argument is separate from that, that simply the plaintiff's claim was never barred by 15216. But in regards to whether or not the amendment is clarifying or not, in North Carolina to determine whether an amendment is clarifying or a substantive change, the court looks to the legislative intent. Specifically, courts look to the title of the act, provisions in the act stating when the act is supposed to apply, and whether or not it creates an entirely new substantive rule of law or clarifies issues with the law. Going back to Judge Sackett's suggestion, they could have said this change in the law is to be retroactive, but they didn't. Your Honor, the provision did state that they were intending to apply this statute, excuse me, the clarifying amendment retroactively. However, the reason that they did not address the disease exception in the actual change to the law, the amendment to the law regarding simply groundwater contamination claims, was because they never intended to change the law regarding disease exceptions, because this court and the North Carolina Supreme Court had already acknowledged that unless they expressly included disease in the statute of repose, it was not to apply. So there was no reason for the legislator to get into that because the law had already effectuated that type of result. In fact, really, the legislator was just focused on the results in Wallberger and changing the result from the Supreme Court and making sure that plaintiffs from the Wallberger suit were able to bring claims for personal injury and property damages for groundwater contamination. That was their focus. They simply made the finding stating that it was their never was their intention to include disease and never had 152.16 included disease claims, and that based upon Heyer and Boulard and this court's precedent, disease had never been covered under 152.16, and they weren't going to change that law because they agreed with it. So the law as far as disease exceptions has not been changed. They simply made a clarifying statement that states that they supported this court in their ruling in Heyer and Boulard and agreed that unless the legislator expressly creates an exception for expressly states that diseases are included under personal injury statutes of repose, they are not. And here we have a statute of repose that never mentions disease claims. So we cannot assume that disease claims are included because that goes directly against what the legislator intended and what this court stated in Heyer. For these reasons, we ask that you reverse the holding of the Western District of North Carolina and enter judgment in favor for the plaintiff. Thank you. Thank you. Mr. Price, we'll hear from Mr. Holman on the case. Thank you. May it please the court, my name is Tom Holman. I represent CTS Corporation in this matter. This action involves the district court's application of the fundamental rule of statutory construction under North Carolina law that if a statute is clear and unambiguous, courts are required to apply the statute as written. The district court applied this rule to plaintiff's singular state law claim for negligence, which was based on purported acts and omissions that had to have occurred, if at all, more than 40 years ago. Based on the allegations in the complaint, the clear and plain text of the subject statute 1-52-16, the district court correctly ruled that the plaintiff's claim was time bar pursuant to the statute of repose. What are you going to do about Heyer? Heyer, Your Honor, is distinguishable for a number of reasons. First of all, it involves an entirely different statute. It involves a products liability statute that is different from the statute in the subject case 1-52-16. Secondly, we have a the Heyer case relies upon Wilder, and it's clear that the entire basis for Heyer and the subsequent Fourth Circuit decisions all stem from Wilder. So to the extent that Wilder is distinguishable, Heyer is distinguishable as well, and that is certainly the case here. First of all, within— Tell me what you mean by that. Well, Heyer— But even if it was, we abound by it at this point, unless we can get a non-bonk review or the Supreme Court comes up and does something on it. And, I mean, Heyer came along, and then maybe it was a subsequent case or two, comes along, dealing with it, and they're relying on Wilder. They're relying on Wilder. They do not apply the statute that's at issue here. And in Wilder, we have specifically the court having— You're saying it's not precedent for this case, even though it's a published opinion of this court, because it's not construing this particular statute. That's correct. Certainly, there would—this court, the decision of Heyer was specifically limited to the subject statute. The reasoning is very clear. There's no difference. When you look at—apply that reasoning here, it falls here. I mean, that's the troubling part of this is Heyer sets forth his basis, and it's very applicable here if we follow Heyer. Heyer did not have the benefit of a number of distinguishing factors that are present with respect to this particular statute. Number one, with Wilder itself, Wilder begins the decision by specifically noting the important difference between the scope of the statute in the Wilder case, 1-15B, and the scope of 1-52-16, noting that 1-52-16 does cover all negligence claims. It notes that importantly. It defines it as being an important point. It begins its analysis of the subject 1-15B with that point, and it did so for a reason, because it was important. It was clearly any—clear from the Wilder decision that the analysis, the court's analysis of the statute in that case was critical to its decision. Wilder does not stand for the proposition that personal injury claims do not involve a disease. It stands for the proposition that a— Let me make sure I understand. So Wilder, on which the Heyer opinion's reasoning is based, not only does not involve the statute we're dealing with here, but it specifically said it does not involve this statute. We don't even have to read that into it. It said right up front we make an important distinction between that other statute and the one we're talking about in this case. Go ahead. That's right, Your Honor. Not only does it note the distinction of the statute, it notes the importance of the distinction that 1-52-16 was intended, does apply to all negligence claims, and that is specifically distinct from the statute in 1-15B, the court's analysis, and the court's decision with regard to Wilder. The language on the Heyer is troubling because our mission here, at least our— As I started out, I said, you know, it would be good if North Carolina would allow certification. You probably agree with me on that. We could send this back to the Supreme Court, get an answer. We know it. So the duty we have today is to try to figure out how North Carolina would go on this, and we're talking specifically about the statute of repose here. And Heyer makes the statement, the NC Supreme Court does not consider disease to be included within the statute of repose directed at personal injury claims unless the legislature expressly expands the language to include it, and the legislature has not done that. I mean, it did not do that, did not follow one way or the other on this, and we have this broad language from Heyer. Now, what's troubling, it's almost like you say, well, it's a different statute, don't deal with it, but the other circuits did deal with it. They just said it was wrong. They rejected it. And probably, if I had to look at Heyer and say, compare Wilder with it, Mike, it probably was wrong. But we, as precedent, we are bound by that law, and we have a ball-plate language right here that says what the— And, Your Honor, and I would submit that the precedent from Heyer that the court is bound by is its determination, and it concludes with stating, in predicting what the Supreme Court of North Carolina would hold were the question presented to it, we therefore conclude that NCGS 1-56 does not bar plaintiff's claim. It's specifically relying upon that statute. To the extent that it— After it's made the broad statement that I just gave, that is, that it doesn't consider disease. It has— It's looking at the statute of repose. It's not looking at a particular—that's the statute you're looking at and what you're dealing with here. It has quoted the quote from Gardner, and it has stated that it agrees with that. It is unclear from this—it is unclear, I would submit, that the court was adopting that as a broad rule. Secondly, it is—it was—it would have been dicked anyway. It was not necessary for the court's analysis. It wasn't—the court's analysis was clearly based on Wilder and the specific statute at issue in that case. It did not address 1-52-16, and we believe that is a critical distinction in this case. I would further indicate that there are facts that have clearly changed, additional information that has come since the higher decision that further refutes the plaintiff's argument in this case, that there is a broad exception for latent diseases from—or that latent—I'm sorry, that diseases are accepted from 1-52-16. First of all is the Dunn case. The Dunn case expressly recognizes that diseases are covered under 1-52-16, and that's another important distinction. The statute of limitations. That's right. With regard to the statute of limitations, the statute of limitations are included within the statute of repose. The product's liability statute of repose at issue in higher and the other cases is a standalone statute of repose. It is not combined with the statute of limitations, paired with the statute of limitations like in 1-52-16, and that would require this court to do something that it has never done before that's not supported by Wilder, that's not supported by any other North Carolina Supreme Court case, and it would require the court to find that a part of 1-52-16 applies, that is the statute of limitations, but another part of it does not apply. That's not supported by the Wilder decision. Further, we have the 2014 amendment, and the legislature had every opportunity to come in at that time and adopt the higher analysis or any of the other cases that have followed it in the Fourth Circuit since then. It clearly declined to do so. In fact, what it did instead was it adopted a much more narrow exception for latent diseases, only as it relates to groundwater. It seems to me that if you have a case, Howard comes along and makes the statement, and then it says within it, you know, the legislature of North Carolina can change this, the legislature then goes through this all these different times, and not once does it include disease, and that's essentially what the Jones case said, which is a district court case. I'm sitting here looking at the language of it now in which the judge is saying, you know, this thing has been decided over 25 years ago. It implicates every statute of repose directed to personal injuries in North Carolina. The legislature has not amended it, not said one thing the whole time. And it cites a whole bunch of North Carolina cases from the Court of Appeals and from the Supreme Court that says that, you know, legislature is presumed to act with deliberation and knowledge of the law as it exists at the time. So the fact of the matter, you know, it's amended, but it knows how it is there. It knows what it is, but it does nothing. Well, to my knowledge, there's no North Carolina state court decision that addresses higher or any of the other subsequent Fourth Circuit decisions. The point is that nobody else has predicted it, and no one else, the state of North Carolina has not said it, and there's no other prediction from this court. And even though our decisions are not bound on state courts, they're surely binding on federal courts. And so that's the problem you've got, and I've had this conversation that even though state courts aren't bound by it, they surely follow these things pretty closely for the most part, but that's a whole different discussion. The point being is the legislature knows what's going on here, and this whole business of the statute of repose as to whether it includes disease is not little news. I mean, so when you are amending this statute, you would certainly be cognizant of the fact that if you want to change that, you would put it in there. And to the extent that the court, the legislature is presumed to act knowing of the law and with full knowledge of existing law, that still directly refutes the application of this amendment as being supportive of the plaintiff's decision in this case. The legislature presumably knew of hire, could have readily come in and confirmed its clarification that the court is clarifying that, and the other federal court cases interpreting this result from Wilder, that has been the intention of this court, was the intention of the court with regard to the products liability statute, and could say it's the intention of the court with regard to 1-52-16. It clearly declined to do that. Instead, it adopted a narrow exception for certain latent diseases, certain diseases from the application of 1-52-16, allowing the statute of repose there to apply to every other scenario that involves a disease. That is directly inconsistent with any argument that there is an across-the-board exception from diseases from 1-52-16. It also refutes that it is the state law in North Carolina that diseases are not personal injuries or diseases are not included within 1-52-16. Again, the court could have done it. So to the extent that this rule stated from the Gardner decision is the rule of this court, this change has occurred. The change that the court stated that it would require before interpreting North Carolina law to differ has come with the 2014 amendment. You used the word clarifying a while ago. Is that what you mean, or do you mean that that change was substantive as opposed to clarifying? It is clarifying that you're on the wrong side of the issue. Thank you, Your Honor, and I'm sorry. The record probably did not pick up my air quotes when I indicated the word clarifying, and I was referencing solely the legislature's self-serving, if you will, designation of the amendment as clarifying. It is unquestionably substantive and, as a result, cannot apply retroactively to the subject case. Furthermore, the defendant, CTS in this case, has had a right for decades to be free of further lawsuit arising out of the facts alleged in the complaint. Based on the substantive nature of statute of repose and other North Carolina law, it's clear that once the statutory period passes, even with respect to statute of limitations, that no subsequent amendment can come in and change that. So there are multiple bases under which the 2014 amendment would not be applicable, is not applicable to this case, and certainly has applied to the defendant. Are there no other questions? All right. Thank you very much, Mr. Hoffman. Thank you. You have a few minutes for rebuttal if you choose to use them. May it please the court. In rebuttal, I have two points. First, Wilder and Hire should not be limited to their facts, and they never have been. First, the Wilder statute of 115B, with the disease exception, was included in Hire, when Hire from this court stated that the North Carolina legislature does not include disease claims in statutes of repose directed at personal injury unless the legislature expressly expands the language to include it. This was then reaffirmed in Bullard by this court. Further, in Jones, as Judge Wynn noted, in the Eastern District of North Carolina, that court utilized this court's … It's a non-binding case for us. Yes, Your Honor. That is true. However, it does show that the Eastern District of North Carolina looked to this court's reasoning in both Hire and Bullard and used the Wilder disease exception for the statute at issue in this case, 152-16. It's important to note that 156, as in Hire and Bullard, and 152-16 in this case are sister statutes with a common ancestor of 115B, which means that this disease exception that was created for Wilder, stating that diseases are not included in personal injury statutes of repose, has the same lineage for 152-16 and 156. So in 2007, the Seventh Circuit didn't think much about the Hiler case, and I think it rejected it. Your Honor, that is true. The Seventh Circuit did not follow this circuit's analysis and reasoning in Hire. However, there are important distinctions for the Kline case. In Kline, the court did not consider the importance of the lineage here, and the 152-16 statute and the 156 statutes both share this disease exception. In particular, the Kline court stated that the purpose of the statute differed from that in Wilder. However, in 152-16, there is a discovery accrual provision, just as there was in 115B. Similarly, the state of the law, when enacted, they said that there was no need to change the accrual date for disease because the legislature recognizes that diseases are latent. However, in this case, disease is still intrinsically different from personal injury claims. In the North Carolina legislature, as Your Honors have noted, have amended both 156 and 152-16 multiple times, in fact, five and eight times respectively, and yet they never expressly expanded the language to include disease claims within the statute of repose directed at personal injury. Further, Your Honors, the deliberate omission of reference to disease that the Kline court stated was present in 115B, that is not different because of the same lineage. There is no—the same statutory history that applied for 115B still applies in this case because it's a common ancestor. And 156, as the sister statute to 152-16, should not be treated any differently in this case. Your Honors, it's also important to note that CTS's argument in this case has once again been rejected by this court in both Heyer and Bullard, stating that Wilder and Heyer should be limited to their facts, but that's not the case. In Bullard, this court expressly stated that there was nothing in the language of Wilder to limit it to its facts, and that's why this court should continue to use the Wilder disease exception in this case. And turning to my second point, Your Honors, opposing counsel like the Eleventh Circuit and the lower court in this case merely assumes that personal injury includes disease. But Your Honors, as established by precedent from this court in Heyer and in Bullard, that is simply not the case. Heyer stated that statutes of repose directed at personal injury do not include disease unless the legislature expressly expands the language to include it. This was again reaffirmed in Bullard. And it's important to note that, again, no North Carolina legislative amendments have expressly expanded the language to include disease for statutes of repose directed at personal injury, including 152-16 and 156. Let me ask you, does the statute of limitations include the statute of repose? No, Your Honor, it does not. The general statute of limitations, 152-5, is for all claims. However, there is no discovery accrual provision for that provision. There is also no statute of repose for that provision. And if the 152-5 general statute of limitations was intended to use the 152-16 discovery accrual provision and the statute of repose, there would have been some connection. However, that is simply not the case. And in Dunn, the Court merely looked at the general statute of limitations, that three-year statute of limitations provision, yet failed to – Your Honors, I've noticed that I am out of time. You may answer the question. Thank you, Your Honor. In Dunn, the Court merely looked at the three-year general statute of limitations, but it did not address the statute of repose and it did not address the discovery accrual provision in 152-16. Accordingly, Plaintiff Staley respectfully requests this Court to reverse the lower court's judgment. Thank you, Your Honors. Thank you. Thank you to the students at Wake Forest University, Professor Coulson. Thank you very much and thank you, Mr. Coleman. We will adjourn and then the Court will come down and adjourn for the week. The Honorable Court stands adjourned. Signed, Dye. God save the United States and His Honorable Court.
judges: James A. Wynn, Jr., Henry F. Floyd, Stephanie D. Thacker